UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-20577-JORDAN/BROWN
CR

UNITED STATES OF AMERICA

vs.

GREENPEACE, INC.,

_____/

NIGHT BOX
FILED

MAY 17 2004

CLARENCE
CLERK, USDC

**GREENPEACE'S CORRECTED MEMORANDUM AND REQUESTED ADDITIONAL JURY INSTRUCTIONS**

Greenpeace, Inc. ("Greenpeace"), by and through counsel, submits this corrected memorandum of law (restoring text accidentally deleted from the proposed instruction) requesting a jury instruction concerning the use in evidence of the prior guilty pleas of the six individuals associated with Greenpeace ("the individuals") to violations of 18 U.S.C. section 2279. Greenpeace also requests a second jury instruction – on good faith -- that it inadvertently omitted from its prior submission.

Greenpeace has concluded that there is no practical way to avoid the introduction in evidence of the fact that individuals pled guilty before this Court to violating section 2279 – the same offense for which Greenpeace is now charged – on April 12, 2002, even though such evidence could be highly prejudicial to Greenpeace's defense.

As counsel for Greenpeace have previously explained to the Court, see Greenpeace's Proffer of Evidence and Memorandum of Law, April 30, 2004, at 17 n. 12, the individuals pled guilty to violations of section 2279 on June 20, 2002, and July 1, 2002, because the Government offered them a deal that resolved their cases without major penalties. In return for the six

CASE NO. 03-20577-JORDAN/BROWN

individuals accepting the 2279 charge, the government dropped another charge. In addition, the government agreed not to prosecute nine other individuals who had been arrested on April 12, 2002. This Court sentenced the six individuals who did plead guilty to the time served, i.e., the weekend they had spent in jail right after the protest action, a small fine, and no probation. The six individuals – only two of whom actually boarded the Jade -- decided that taking the deal was a better option than incurring the costs and taking the risks of going to trial. Like hundreds of Greenpeace members before them, they were fully prepared to accept responsibility and pay a price as part of their protest against someone else's immoral – and, in this case, illegal – conduct. For all these reasons, the individuals, who were not represented by undersigned counsel, did not focus on the issue that the Jade was not "about to arrive" when it boarded, or the issue that the statute is impermissibly vague – issues now raised by Greenpeace in motions before this Court, and issues that this Court has recognized to be serious ones. See Order on Pending Motions, April 15, 2004.

Greenpeace had every reason to believe that the pleas of the individuals would fully resolve this case against all involved – every reason because, as this Court has recognized, "prosecution of an advocacy organization for conduct having to do with the exposition of the organization's message" is "rare – and maybe unprecedented." Order on Pending Motions, April 15, 2004, at 12. But the Government indicted Greenpeace in July 2003 – fifteen months after the boarding of the Jade.

Greenpeace is now left to defend itself against a potentially serious blow to its future – and to stand against this sea change in Government policy toward the prosecution of protest activities – with the six individuals' pleas a part of the public record.

2

CASE NO. 03-20577-JORDAN/BROWN

Greenpeace believes that as a matter of law there are ample grounds for excluding the evidence of the six individuals' pleas. Federal Rule of Evidence 403 provides that even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. The fact that the six individuals, who are listed as the six named co-conspirators with Greenpeace in the present indictment, pled guilty to a violation of 2279, which is the same offense for which Greenpeace is charged and which also is the offense underlying the separate conspiracy count, might strongly prejudice the jury against a fair consideration of whether Greenpeace in fact is guilty of violating 2279.

Because a violation of section 2279 is a petty offense that does not involve dishonesty or a false statement, the Government cannot invoke Federal Rule of Evidence 609 to offer the convictions to impeach a witness.

Counsel for Greenpeace have concluded, however, that the Court could very well deem the individual guilty pleas to be relevant to some aspect of the case. Because the introduction of such evidence appears to be difficult to avoid, Greenpeace concludes that it is best to proceed on the assumption that the individuals' guilty pleas will be admitted.

This does not mean, however, that this evidence necessarily should be admitted – it would depend on the circumstance -- or that, if admitted, it should be used without limits.

One person's guilty plea may not be used as substantive evidence of the guilt of another. *United States v. DeLoach*, 34 F.3d 1001, 1004 (11th Cir. 1994); *United States v. King,* 505 F.2d 602 (5th Cir. 1974).

Accordingly, Greenpeace requests of the Court that if any or all of the individuals' guilty pleas are referenced or introduced in evidence, then the Court provide the following instruction

3

CASE NO. 03-20577-JORDAN/BROWN

to the jury:

You have heard evidence that individuals entered a plea of guilty to a criminal charge in connection with the events on the APL Jade on April 12, 2002.

Your role today is to determine whether Greenpeace is guilty beyond a reasonable doubt of the offenses charged in the indictment.

The fact that others have entered a guilty plea in connection with these events should not affect in any way your evaluation of the evidence against Greenpeace. It should not affect in any way your determination, based on the facts in this case, as to whether Greenpeace is guilty or not guilty of the offense of boarding a ship about to arrive; or as to whether Greenpeace is guilty or not guilty of the offense of conspiracy. In determining whether Greenpeace is guilty or not guilty of the offenses charged, you may not draw any inference or conclusion at all from the fact that others pleaded guilty.


See *DeLoach*, 34 F.3d at 1003 fn. 4 (11th Cir. 1994); *United States v. Universal Rehabilitative Services*, 205 F.3d 657, 661-664 (3rd Cir. 2000).

Greenpeace also requests that this Court instruct the jury as to the issue of good faith.

Greenpeace requests an instruction consisting of the relevant portions of Eleventh Circuit Pattern Jury Instruction 17:

Good faith is a complete defense to the conspiracy charge in the indictment, since good faith on the part of the Defendant is inconsistent with willfulness, which is an essential part of the charge. The burden of proof is not on the Defendant to prove good faith, of course, since the Defendant has no burden to prove anything. The Government must establish beyond a reasonable doubt that the Defendant acted willfully as charged in the indictment.

CASE NO. 03-20577-JORDAN/BROWN

RESPECTFULLY SUBMITTED,

Moscowitz Moscowitz & Magolnick, P.A.
Counsel for Defendant Greenpeace
Mellon Financial Center
1111 Brickell Avenue, Suite 2050
Miami, FL 33131
Telephone (305) 379-8300
Facsimile (305) 379-4404

By: _____
Jane W. Moscowitz
Florida Bar No.: 586498
Jmoscowitz@mmmpa.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Memorandum was sent by U.S. Mail and hand-delivery this 17th day of May, 2004 to:

AUSA Cameron Elliot
United States Attorney's Office
99 NE 4th Street
Miami, FL 33132

_____
Jane W. Moscowitz

5